IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WYNSTON DAY, # R-57236, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-971-MJR |
| | ) |
| NURSE ARBUCKYLE, | ) |
| T. OCHS, | ) |
| C/O BRUNNER, | ) |
| and C/O VAUGHN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Western Illinois Correctional Center ("Western"), where he is serving a 60-month sentence for aggravated battery. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, over events that occurred while he was confined at Lawrence Correctional Center ("Lawrence"). He raises claims of deliberate indifference to his serious mental health and medical needs, and excessive force.

More specifically, Plaintiff claims that in February and March 2014, Defendant Nurse Arbuckyle failed to adequately monitor him while he was on suicide watch (Doc. 5, pp. 4-5). As a result, on three different occasions he was able to accumulate a large number of pills, which he swallowed in repeated suicide attempts.

On February 27, 2014, Plaintiff told Defendant Vaughn that he had taken a lot of pills, but this correctional officer failed to call for medical attention. Plaintiff was only provided with some medical help after a different officer observed him taking more pills (Doc. 5, p. 5).

Two weeks later, Plaintiff attempted suicide again after another period of time

when Defendant Arbuckyle failed to make sure he took the pills when they were handed out to him. Along with the pills he saved up, Plaintiff found eleven more pills in his mattress and took them too. When Plaintiff was taken to the Health Care Unit, he complained of stomach pain, but medical staff did not pump his stomach or give him any treatment for relief of his pain.

On March 17, 2014, Plaintiff again took an overdose of pills. He told Defendant Brunner that he had taken them, and showed Defendant Brunner the remaining half of the pills he still possessed. Defendant Brunner ignored Plaintiff and did nothing. About an hour later, Plaintiff complained to another officer, who witnessed him swallowing the rest of the pills. That officer apparently summoned help.

Also on March 17, 2014, Defendant Ochs came to Plaintiff's suicide watch cell and taunted him and another inmate, saying, "You're not man enough to kill yourself" (Doc. 5, p. 6). Defendant Ochs then told Plaintiff to cuff up. Thinking he was being taken to the medical department, Plaintiff put his arm through the cell's chuckhole. Defendant Ochs slammed the chuckhole door down onto Plaintiff's arm. Plaintiff tried to pull his arm free, but Defendant Ochs slammed the door again, this time onto Plaintiff's hand. Defendant Ochs then placed "the full weight of his body" onto the door's lever, grinding the metal door into Plaintiff's hand. *Id*. After releasing Plaintiff's hand, Defendant Ochs said, "That'll teach your soft ass" (Doc. 5, p. 7).

Plaintiff was taken to health care, where he was seen by Defendant Arbuckyle. Plaintiff reported the assault by Defendant Ochs and showed her his injured hand, but she ignored the "noticeable swelling" and purple section of skin on Plaintiff's palm (Doc. 5, p. 6). Neither she nor other unnamed medical staff gave Plaintiff anything for his pain or swelling, and they would not allow him to sign up for sick call to seek treatment, because he was on suicide watch.

Plaintiff seeks punitive and compensatory damages, and 180 days good time credit (Doc. 5, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Eighth Amendment claim against Defendant Arbuckyle for deliberate indifference to mental health needs, for failing to monitor Plaintiff during his suicide watch thus enabling him to attempt suicide with his accumulated prescription pills;

**Count 2:** Eighth Amendment claim against Defendants Vaughn and Brunner for deliberate indifference to mental health and medical needs, for failing to summon medical assistance for Plaintiff when he reported he had taken an overdose of pills;

**Count 3:** Eighth Amendment claim against Defendant Ochs, for subjecting Plaintiff to excessive force and injuring his hand and arm;

**Count 4:** Eighth Amendment claim against Defendant Arbuckyle for deliberate indifference to medical needs, for failing to treat Plaintiff's pain and swelling from his injured hand after the incident in Count 3.

A prison official may be deliberately indifferent to a risk of suicide if he or she "is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.'" *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775-76 (7th Cir. 2014) (quoting *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)). At this stage of the case, Plaintiff has sufficiently alleged deliberate indifference to his risk of suicide to go forward with his claims in Counts 1 and 2. His claims in Counts 3 and 4 also survive review under § 1915A.

However, Plaintiff's general allegations that unnamed medical staff failed to pump his stomach (**Count 5**) following his suicide attempts do not state a constitutional claim upon which relief may be granted, and shall be dismissed. Similarly, the general claim that Plaintiff got no treatment from medical staff for his stomach pain or for his injured hand (**Count 6**) shall also be dismissed.

**<u>Dismissal of Count 5 – Failure to Pump Stomach</u>**

In order to establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Under this standard, Plaintiff cannot maintain a constitutional claim based on a health care professional's decision not to provide the specific treatment (pumping his stomach) that Plaintiff believed was needed. A difference of opinion between medical professionals as to whether a particular procedure is appropriate will not support a deliberate indifference claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). Here, the disagreement is between Plaintiff, who apparently has no medical training, and the prison medical providers. Plaintiff's deliberate indifference claim based on the failure to pump his stomach shall thus be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Dismissal of Count 6 – Failure to Treat Pain and Injury**

The refusal to treat an inmate's serious pain may give rise to a claim for deliberate indifference to medical needs. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (a delay in treatment that "exacerbated the injury or unnecessarily prolonged an inmate's pain" may constitute deliberate indifference). However, Plaintiff does not indicate that any of the named Defendants failed to provide him with pain relief for his stomach distress. Aside from the claim against Defendant Arbuckyle in Count 4, he identifies no other person(s) who failed to treat him following the injury to his hand inflicted by Defendant Ochs. He merely makes a general allegation that unnamed "medical staff" failed to listen to his complaints of stomach pain, and failed to treat the pain and swelling in his hand.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). If Plaintiff wants to pursue a claim against any other individual medical provider who denied him pain treatment, he must identify that person (even if he must initially designate him/her as John/Jane Doe), and must describe what each individual did (or failed to do), that violated his constitutional rights. He may do so by submitting an amended complaint fleshing out the allegations in Count 6 and naming the individual(s) involved. Any amended complaint must also include the claims in Counts 1-4 above, and must comply with Federal Rule of Civil Procedure 15(a)(1) and Local Rule 15.1.[1] At this time, Count 6 shall be dismissed without prejudice.

---

[1] Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Further, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1.

Plaintiff shall note that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, any amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with an amended complaint.

Finally, Plaintiff is advised that even if he should prevail on one or more of his claims, he cannot be awarded any good conduct credit in this civil rights action. An order for earlier or outright release from custody may only be obtained in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

**Disposition**

**COUNT 5** is **DISMISSED** with prejudice, and **COUNT 6** is **DISMISSED** without prejudice, for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **ARBUCKYLE, OCHS, BRUNNER,** and **VAUGHN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the

Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28

U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 2, 2014**

                                                                                s/ MICHAEL J. REAGAN
                                                                                United States District Judge